IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES RALPH ABSHIRE, #1092658,   )<br>       Petitioner,   )<br>   )<br>v.   )<br>   )<br>NATHANIEL QUARTERMAN, Director,   )<br>Texas Department of Criminal Justice,   )<br>Correctional Institutions Division,   )<br>       Respondent.   ) | 3:08-CV-0130-M<br>(consolidated with<br>3:08-CV-0205-M) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: These are consolidated, *pro se* petitions for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.[1]

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Terrell Unit in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process pending preliminary screening.

Statement of Case: Petitioner pled guilty to three offenses (sexual performance of a child, attempted sexual assault of child, and failure to register as a sex offender) in the 249th

---

[1] Petitioner initially filed his petitions in the U.S. District Court for the Southern District of Texas, Houston Division, which in turn transferred them to this court.

Judicial District Court of Johnson County, Texas, in Cause Nos. F35019 and F35470. (Consolidated Petitions (Pet.) at 2). On March 7, 2002, punishment was assessed at six years imprisonment in No. F35019-A, and eight years imprisonment in F35470. (*Id.*). Petitioner did not appeal. (*Id.* at 3).

On September 27, 2007, Petitioner filed in the convicting court two state habeas applications, pursuant to art. 11.07, Texas Code of Criminal. (*See* Attachment I, for copy of first page of Pet's art. 11.07 applications obtained from the Johnson County District Clerk's Office). On December 5, 2007, the Texas Court of Criminal Appeals (TCCA) denied the applications without written order. *See Ex parte Abshire*, Nos. WR-68,840-01 through -02, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID =256121, 256122.

In his federal petitions, filed on December 27, 2007, Petitioner alleges his plea was involuntary, the trial court denied his due process rights, trial counsel rendered ineffective assistance, and he was denied DNA testing. (Pet. at 7-8).[2]

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also*

---

[2] For purposes of this recommendation, the petitions are deemed filed on December 25, 2007, the date Petitioner certifies signing and placing them in the prison mail. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

*Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petitions. Nor does he base his petitions on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting the claims raised in the instant petitions for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's convictions became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his convictions became final on April 6, 2002, thirty days after the judgments were entered. *See* Tex. R. App. P. 26.2(a)(1)

---

[3] On February 4, 2008, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case should not be barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response to the court's show cause order on February 21, 2008. He resubmitted the same pleading on February 28, 2008.

(effective Sept. 1, 1997); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on April 7, 2002, the day after his convictions became final, and expired on April 6, 2003. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner is deemed to have filed his federal petitions in this case on December 25, 2007, four years and eight months after the running of the one-year limitations period. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), the state habeas applications were not pending in state court during the one-year limitations period. As noted above, Petitioner did not file his state applications until September 27, 2007, -- more than four years after the one-year period had expired. *See Scott*, 227 F.3d at 263 (state habeas application, filed after federal limitations period had expired, did not toll limitations period). Therefore, the federal petitions are clearly untimely absent equitable tolling.

In response to the court's show cause order, Petitioner concedes his petitions are time barred. However, he requests equitable tolling due to his ignorance of the law and the ineffective assistance of his trial counsel.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely

4

filing.

Unfamiliarity with the law "due to illiteracy and or any other reason" does not "merit[] equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law and *pro se* status held insufficient to toll statute of limitations); *see also United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).

Nor does the conduct of his trial counsel justify equitable tolling. Since the conduct at issue occurred before the date on which Petitioner's convictions became final, it is irrelevant for purposes of equitable tolling.

Moreover, this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). While Petitioner mailed his federal petitions within twenty days of the denial of his state applications, such diligence came too late. Apart from his unfamiliarity with the law, Petitioner provides no explanation for the more than five-year delay (which appears to have been of his own making) between the date his convictions became final and the date he filed his state habeas applications. Such unexplained delay makes the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21653864, *4 -5 (N.D. Tex., Jul. 21, 2003)

(3:02cv596-H) (finding that an unexplained delay of eleven months between the date the conviction became final and the date of filing of the state habeas petition did not warrant equitable tolling), findings, conclusions and recommendation adopted (N.D. Tex., Aug. 1, 2003). "There is no reason to distinguish between delay that occurs before the filing of a state petition and delay that occurs afterwards." *Basalo*, 2003 WL 21653864, *4. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Therefore, Petitioner does not qualify for equitable tolling and this consolidated action should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the consolidated habeas corpus action with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 20th day of May, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**